# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT LARRY BRADFORD,<br><br>             Plaintiff,<br><br>     v.<br><br>SHERMAN, et al.,<br><br>             Defendants. | Case No. 1:17-cv-01601-SKO (PC)<br><br>**FIRST SCREENING ORDER**<br><br>**(Doc. 1)**<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT CONSEL**<br><br>**(Doc. 10)** |

## INTRODUCTION

### A.     Background

Plaintiff, Dwight Larry Bradford, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has stated cognizable deliberate indifference claims under the Eighth Amendment against Defendants Officer Ruelas, Officer J. Curry and Morales. The deficiencies in Plaintiff's pleading on other claims may be able to be remedied on amendment. However, since Plaintiff's motion to appoint counsel is granted, he has no duty to respond to this order at this time. Deadlines will be set depending on whether the Court is able to locate counsel willing to represent Plaintiff.

### B.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A complaint will be dismissed if it lacks a cognizable legal theory or fails to allege sufficient facts under a cognizable legal theory. *See Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

### C. Summary of the Complaint

Plaintiff is currently housed at the Substance Abuse Treatment Facility ("SATF") in Corcoran, California, where the incident of which he complains occurred. Plaintiff names the following defendants: Warden Stu Sherman; Associate Warden Reynoso; Second Watch Captain S. Marsh; Second Watch Yard Officer, Ruelas; Second Watch Tower Officer J. Curry; and tram truck driver Morales. Plaintiff alleges that, on the morning of March 12, 2017, Morales drove the tram truck containing breakfast and lunch to the D-Facility. When inmate porters arrived to unload the food, they encountered a foul odor which smelled like human feces. They informed Morales of the smell, but Morales ordered them to unload the truck and push the carts of food into the building for inmate consumption.

The inmate porters complied, but when they went inside the building, they discovered what they believed to be human feces smeared on the side of the food carts and lunch boxes. Ruelas was notified and ordered the inmates to clean the feces off the carts and lunch boxes. The inmate porters protested. Tower officer J. Curry called the inmate porters to the gun tower and instructed them not to tell the other inmates about the contaminated food. During this conversation, other inmate porters passed out the contaminated food to inmates in the building. Plaintiff received his food and ate it before an unknown sergeant showed up and recalled all of the contaminated food. Plaintiff became ill with stomach cramps, vomiting and lack of sleep which allegedly resulted in post-traumatic stress disorder. Plaintiff alleges that Warden Sherman, Associate Warden Reynoso, and Captain Marsh all contributed to "a systematic pattern of events by failure to protect inmates from the spread of H.Pylori which is transmitted by fecal matter."

//

Plaintiff alleges a violation of his Eighth and Fourteenth Amendment rights[1] and seeks monetary damages. As discussed below, these allegations state a cognizable claim against Officer Ruelas, Officer Curry, and Morales, but not against any of the other named defendants. As Plaintiff may be able to correct the deficiencies in his pleading, he is provided the pleading requirements, the standards for claims for the rights he contends have been violated, and leave to file a first amended complaint.

### C. **Pleading Requirements**

#### 1. **Federal Rule of Civil Procedure 8(a)**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678, quoting *Twombly*, 550 U.S. at 555. Factual allegations are accepted as true, but legal conclusions are not. *Iqbal,* at 678; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009); *Twombly*, 550 U.S. at 556-557.

While "plaintiffs [now] face a higher burden of pleadings facts . . . ," *Al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009), the pleadings of *pro se* prisoners are still construed liberally and are afforded the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

---

[1] Plaintiff also contends these allegations violated his rights under Articles 1, 3, 5, 17, and 25 of the California Constitution. However, addressing Plaintiff's federal constitutional claims resolves his claims under the Articles of California's Constitution. *Los Angeles County Bar Assoc. v. Eu*, 979 F.2d 697, 705 (9th Cir. 1992) (citing *Payne v. Superior Court*, 132 Cal.Rptr. 405, 410 n. 3 (1976) (the California Constitution provides the same basic guarantee as the Fourteenth Amendment of the United States Constitution)).

However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989), "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982), and courts are not required to indulge unwarranted inferences, *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" fall short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949; *Moss*, 572 F.3d at 969.

If Plaintiff chooses to file a first amended complaint, it should be as concise as possible. Plaintiff should simply state which of his constitutional rights he believes were violated by each Defendant and the supporting factual basis. Where the allegations against two or more Defendants are factually intertwined, factual allegations need not be separately stated against each Defendant. Plaintiff should instead present his factual allegations and identify the Defendants he believes are thereby implicated.

### 2. Linkage Requirement

The Civil Rights Act (42 U.S.C. § 1983) requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). To state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff must clearly identify which Defendant(s) he believes are responsible for each violation of his constitutional rights and set forth the supporting factual basis, as his Complaint

4

must place each Defendant on notice of Plaintiff's claims against that Defendant. *See Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).

### D. Plaintiff's Claims for Relief

#### 1. Eighth Amendment

Adequate food is a basic human need protected by the Eighth Amendment. *Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir. 1982), (abrogated on other grounds by *Sandin v. O'Connor*, 515 U.S. 472 (1995)). While prison food need not be "tasty or aesthetically pleasing," it must be "adequate to maintain health." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). However, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (citations and quotations omitted). To state a claim for violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm to the plaintiff. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Foster*, 554 F.3d at 812. The minimal civilized measures of life's necessities require that no one ingest food that has been contaminated with feces.[2] Intentionally distributing food known to have been contaminated with fecal matter qualifies as disregarding a substantial risk of serious harm to the inmates who received the food.

There are two requirements for allegations to be accepted as true: "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff's allegations that,

---

[2] It matters not whether the fecal matter was of human origin as stated in Plaintiff's allegations (Doc. 1, p. 4-5), or aviary as reflected in the exhibits to the Complaint (Doc. 1, pp. 21-22). Any form of known fecal matter in food suffices to fall below the minimal civilized measures of life's necessities.

despite the obvious stench, Morales ordered inmates to unload the truck and push the carts of food into the building for inmate consumption, states a cognizable claim for deliberate indifference.  Likewise, Plaintiff's allegation that Officer Ruelas ordered inmates to clean the feces off the carts and lunch boxes, for distribution to the inmates, also states a cognizable deliberate indifference claim.  Finally, Plaintiff's allegations that Officer Curry spoke to the inmate porters  and instructed them not to tell other inmates that the food distributed to them had been contaminated with feces also states a cognizable claim for deliberate indifference to the inmates who received it.

### 2. Fourteenth Amendment

#### a. Due Process

##### (1) Procedural

The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005).  Plaintiff has not alleged any facts that would support a claim that he was deprived of a protected interest without procedural due process.

##### (2) Substantive

"To establish a violation of substantive due process . . . , a plaintiff is ordinarily required to prove that a challenged government action was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare.  Where a particular amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing a plaintiff's claims." *Patel v. Penman*, 103 F.3d 868, 874 (9th Cir. 1996) (citations, internal quotations, and brackets omitted), *cert. denied*, 520 U.S. 1240 (1997); *County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998).  Plaintiff has not alleged any facts that would support a claim that his rights under the substantive component of the Due Process Clause were violated.

//

### 3. **Supervisory Liability**

Plaintiff alleges that Warden Sherman, Associate Warden Reynoso, and Captain Marsh contributed to "a systematic pattern of events by failure to protect inmates from the spread of H.Pylori which is transmitted by fecal matter." Generally, supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of *respondeat superior*; therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. *See Iqbal*, 556 U.S. at 677; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). "In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer." *Iqbal*, 556 U.S. at 677.

However, a supervisor can be liable for his own culpable act of refusing to terminate a series of acts by others that the supervisor knew or should have known would cause a constitutional violation. *Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2010). To state a claim for deliberate indifference, Plaintiff must allege some facts that would support a claim that supervisory defendants either personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). An unconstitutional policy cannot be proved by a single incident "unless proof of the incident includes proof that it was caused by an existing, unconstitutional policy." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985); a single incident supplies a "policy" only when the decision-maker has "final authority" to establish the policy in question. *Collins v. City of San Diego*, 841 F.2d 337, 341 (9th Cir. 1988), citing *Pembauer v. City of Cincinnati*, 475 U.S. 469 (1986). Plaintiff alleges no such facts here.

As set forth above, "'bare assertions . . . amount[ing] to nothing more than a "formulaic recitation of the elements" of a constitutional discrimination claim,' for the purposes of ruling on

7

a motion to dismiss [and thus also for screening purposes], are not entitled to an assumption of truth." *Moss*, 572 F.3d at 969 (quoting *Iqbal*, 556 U.S. at 1951 (quoting *Twombly*, 550 U.S. at 555)). "Such allegations are not to be discounted because they are 'unrealistic or nonsensical,' but rather because they do nothing more than state a legal conclusion -- even if that conclusion is cast in the form of a factual allegation." *Id.* Thus, any allegation that supervisory personnel are somehow liable solely based on the acts of those under his or her supervision does not state a cognizable claim. Plaintiff fails to state allegations to establish that Warden Sherman, Associate Warden Reynoso, or Captain Marsh knew that food contaminated with fecal matter was being distributed to the inmates on March 12, 2017, or that any policy was in place which allowed this to occur.

### 4. **Plaintiff's Motion to Appoint Counsel**

On December 22, 2017, Plaintiff filed a motion seeking the appointment of counsel. (Doc. 10.) Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id*. (internal quotation marks and citations omitted).

Plaintiff states that he has the mentality of a 3 year old child and a tab score of 0.0. He states that he has only been able to file his documents in this case with the assistance of another inmate, Christopher Scott Rider. Plaintiff has stated cognizable claims upon which he may proceed and it appears the assistance of counsel is justified in this action. Thus, Plaintiff's motion to appoint counsel is GRANTED. The Court will attempt to locate counsel to represent Plaintiff.

No action is required of Plaintiff in this action until the Court either locates counsel willing to represent Plaintiff, or informs Plaintiff of an inability to do so.

### **ORDER**

Plaintiff is not required to file any response to this order at this time. Deadlines for a response to this order will be set at a later time depending on whether counsel willing to represent Plaintiff is located.

IT IS SO ORDERED.

Dated: **February 22, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE