# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT LARRY BRADFORD,<br><br>  Plaintiff,<br><br>v.<br><br>SHERMAN, et al.,<br><br>  Defendants. | **Case No. 1:17-cv-01601-SKO (PC)**<br><br>**ORDER SETTING DEADLINE FOR RESPONSE TO THE FIRST SCREENING ORDER**<br><br>**(Doc. 11)**<br><br>**TWENTY-ONE (21) DAY DEADLINE** |

Plaintiff, Dwight Larry Bradford, is a state inmate proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On February 22, 2018, the First Screening Order issued which found Plaintiff had stated cognizable deliberate indifference claims under the Eighth Amendment against Defendants Officer Ruelas, Officer J. Curry and Morales. (Doc. 11.) That order further found that the deficiencies in Plaintiff's pleading on other claims may be able to be remedied on amendment. (*Id.*) However, given that Plaintiff's motion to appoint counsel was granted, no deadlines were set for his response pending the Court's ability to locate counsel willing to represent Plaintiff. (*Id.*) Subsequently, counsel for Plaintiff was located and appointed. (Doc. 13.)

Accordingly, Plaintiff is given the choice to either file a first amended complaint curing the deficiencies noted in the First Screening Order, (*See* Doc. 11), or proceed on the deliberate indifference claims under the Eighth Amendment against Defendants Officer Ruelas, Officer J.

1

Curry and Morales found cognizable in the First Screening Order and dismiss all other claims and Defendants. Counsel for Plaintiff[1] must either notify the Court of his decision to proceed on these cognizable claims, or file a first amended complaint within **twenty-one (21) days** of the service of this order.

If Plaintiff chooses to file a first amended complaint, he must demonstrate how the conditions of which he complains resulted in a deprivation of Plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The first amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A first amended complaint should be brief. Fed. R. Civ. P. 8(a). Such a short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. 127, 555 (2007) (citations omitted).

Plaintiff is cautioned that an amended complaint supersedes all prior complaints filed in an action. *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

The Court provides Plaintiff with the opportunity to amend to cure the deficiencies identified by the Court in the First Screening Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not, however, change the nature of this suit by adding new, unrelated claims in a first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir.

---

[1] Plaintiff is informed that, now that attorneys represent him, the attorneys will handle all filings and requirements for action on his behalf in this case. Further, after this order, all further filings in this action will be served on Plaintiff's attorneys, not on Plaintiff. If Plaintiff has questions regarding this action, he should hereafter direct them to his attorneys, not the Court.

2007) (no "buckshot" complaints).

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff is granted leave to file a first amended complaint;
2. The Clerk's Office shall attach a copy of a civil rights complaint form to this order for use, if desired, by Plaintiff's attorneys;
3. The Clerk's Office shall serve Plaintiff a copy of this order at the Substance Abuse Treatment Facility in Corcoran, California;
4. Within **twenty-one (21) days** from the date of service of this order, Plaintiff must either:
   a. file a first amended complaint curing the deficiencies identified by the Court in the First Screening Order (Doc. 11), or
   b. notify the Court in writing that he does not wish to file a first amended complaint and wishes to proceed only on the deliberate indifference claims under the Eighth Amendment against Defendants Officer Ruelas, Officer J. Curry and Morales found cognizable in the First Screening Order and dismiss all other claims and Defendants; and
5. **If Plaintiff fails to comply with this order, recommendation will issue that Plaintiff be allowed to proceed only on the claim found cognizable in the First Screening Order and to dismiss all other claims and Defendants with prejudice**.

IT IS SO ORDERED.

Dated: **March 6, 2018**          /s/ *Sheila K. Oberto*
                                   UNITED STATES MAGISTRATE JUDGE