# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DWIGHT LARRY BRADFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>SHERMAN, et al.,<br><br>    Defendants. | **Case No. 1:17-cv-01601-LJO-SKO (PC)**<br><br>**ORDER TO SHOW CAUSE WHY PLAINTIFF'S CLAIMS UNDER CALIFORNIA LAW SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH CALIFORNIA'S GOVERNMENT CLAIMS ACT**<br><br>**(Doc. 18)**<br><br>**21-DAY DEADLINE** |

Plaintiff, Dwight Larry Bradford, is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 19, 2018, the Court issued an order finding that Plaintiff's claims under § 1983 were cognizable, but that he failed to show compliance with California's Government Claims Act ("the CGCA"), Cal. Govt. Code §§ 810 et seq., to proceed on claims under California law. (Doc. 17.) Leave to amend was granted for Plaintiff to establish compliance with the CGCA in a second amended complaint. (*Id.*)

Plaintiff filed the Second Amended Complaint ("SAC") on May 10, 2018. (Doc. 18.) In the SAC, Plaintiff alleged that a claim had been submitted in compliance with the CGCA and included a separate application for leave to present a late claim, which as of the date of filing of

1

the SAC, had neither been accepted or rejected. (*Id.*, at ¶12.)[1]

If a claimant misses a deadline, within a year after the accrual of the cause of action, he or she may file a written application for leave to file a late claim. Cal. Govt. Code § 911.4. If application for leave to file a late claim is denied, within six months after the application is denied or deemed to be denied pursuant to section 911.6, a petition for relief may be made to the superior court. Cal. Govt. Code § 946.6. In the SAC, Plaintiff alleged that the associated state law claims identified were asserted prematurely, and would subsequently be amended or supplemented as appropriate to reflect the claim's status. (*Id.*) Despite lapse of nearly a year from the date of filing the SAC, Plaintiff has neither amended his pleading, nor filed any motion requesting leave to do so to reflect the claim's status.

Accordingly, it is **HEREBY ORDERED** that, **within twenty-one (21) days** of the date of service of this order, Plaintiff **SHALL** either show cause why all claims under California law should not be dismissed due to his lack of compliance with the CGCA; alternatively, Plaintiff may file a third amended complaint which contains allegations showing compliance with the CGCA, or a notice of voluntary dismissal of all claims under California law.

IT IS SO ORDERED.

Dated: **April 10, 2019**        /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff also alleges that compliance with the administrative appeals process through the prison suffices as compliance with the CGCA. (Doc. 18, ¶13.) However, an inmate's obligation to comply with the CGCA is separate and independent of the obligation to exhaust available administrative remedies on a claim. *See Parthemore v. Col*, 221 Cal. App. 4th 1372, 1376 (2013).